TOLEDO SCALE CO. *v.* GOGO.

1. SALES — CONDITIONAL CONTRACT — BILLS AND NOTES — ALTERA-
TION.
   A contract in writing covering the purchase and sale of
   a set of scales and providing for payments in separate
   installments, reserving title in the vendor and authorizing
   it to declare the price payable at once in case of default,
   also to take possession of and remove the scales and pro-
   viding in such case payments made by the vendee might
   be retained by the seller, also that in case the scales
   were defective or got out of order within two years the
   buyer might return them and the seller would make
   repairs; that the purchaser should hold the scales at
   his own risk until title vested in him and no loss or
   destruction of the scales should release him from the
   agreed price; to which conditions a promissory note was
   attached providing for monthly payments and contain-
   ing the provision that the contract covers all agreements
   between the parties, operated in law as a conditional
   contract of sale, not merely a promissory note with a
   security clause.

2. SAME — ALTERATION — NEGOTIABLE INSTRUMENTS — PROMISSORY
NOTES.
   Where a conditional contract of sale was so drafted that
   the portion signed could be torn from the remainder of
   the contract and it would then appear to be a promissory
   note, the detachment of the negotiable part of the instru-
   ment operated as an alteration and avoided the same in
   the hands of the original payee.

Error to Mecosta; Barton, J. Submitted April 14,
1915. (Docket No. 87.) Decided June 7, 1915. Re-
hearing denied December 22, 1915.

Assumpsit in justice's court by the Toledo Scale
Company against John E. Gogo upon a negotiable in-
strument. From a judgment for defendant there was
an appeal to the circuit court. Judgment for defend-

ant upon a verdict directed by the court. Plaintiff brings error. Affirmed.

*Butler & Everett,* for appellant.

*Broomfield & Worcester,* for appellee.

KUHN, J. This action, which was originally begun in the justice's court, is brought by the plaintiff against the defendant for the purpose of recovering upon a promissory note. The transaction which gave rise to this controversy occurred on October 4, 1913, when an agent of the plaintiff company called on the defendant and endeavored to sell him a set of scales. After some negotiation the defendant told said agent that he would take the scales known as "Blue No. 581, equipped with a tare beam," and the price was to be $140, and at the same time executed and signed the following writings, which, it is defendant's claim, were attached together and formed one instrument, and were designated as an order:

"Form 245     Order Form for Scales
    "City, ____, County, Mecosta ____ State, Mich.
"Toledo ~~Computing~~ Scale Co., Toledo, Ohio.
                        "Date, Oct. 4, 1913.
    "Ship to the undersigned at No. ____ Street, mailing address, Stanwood, as soon as possible ____ one ____ of your style 581 ____ Chart C ____ scales ____ Blue ____ finish. In consideration the undersigned will pay you one hundred and forty dollars ($140), price of scale f. o. b. Toledo, Ohio, on the following terms:
    "A. $____, less 5 per cent., being full cash settlement. (No discount to apply on allowance for scales taken in trade.)
    "B. Cash with order, $10.00: $100____in____10 ____monthly installments of $10.00 each and evidenced by installment note of the undersigned. $30 allowed for Dayton 124076____
    "This scale will be used in the ____ business.
    "The title to said scale shall remain in you until

purchase price or judgment for same is paid in full.

"You are authorized to date above-mentioned note at such time as you may elect, and to insert such date either prior to or after the execution of such note.

"Should there be any failure to pay draft or other demand for cash payment, it is agreed that the full purchase price shall at once become due and payable.

"Should there be any default in the payment of any installment, it is agreed that all the remaining installments shall at once become due and payable, anything in the note to the contrary notwithstanding.

"In default of any payment, you, or your agent, may take possession of and remove said scale without legal process; and in such case all payments theretofore made by the undersigned under this order shall be deemed and considered as having been made for the use of said scale during the time it remained in the possession of the undersigned, and shall be retained and kept by you as such payment; and for myself and my successors in interest I waive the benefit of all provisions of the lien law and any cause of action thereby given.

"It is expressly agreed that this contract shall not be countermanded, and in the event or refusal to accept said scale when tendered the full purchase price, less any previous payments, shall at once become due and payable as liquidated damages, not as a penalty. The signing and delivering of installment note shall not be deemed nor considered a payment or waiver of any term, provision, or condition of this contract.

"Should the scale get out of order, from ordinary use, any time within two years from date of shipment, you agree promptly to repair same gratis, the undersigned paying transportation charges to and from your factory or nearest agency capable of making the necessary repairs; or, if repairs are desired made where the scale is located, the undersigned will prepay the expense of the repairman from and to your factory or nearest agency capable of making the necessary repairs. Any repairs made without your consent or contrary to your instructions or those of your representatives will be at the expense and risk of the undersigned. It is agreed that your guaranty does not extend to electric batteries or bulbs.

"The undersigned shall hold said scale at his own risk pending the vesting of title in him, and no injury, loss, or destruction of same shall release him from this absolute obligation to pay said purchase price.

"This contract covers all agreements between the parties hereto, and all the terms and specifications have been distinctly understood.

"Notice.—No scale placed on trial.

"Witnesses:                    [Signed]    J. E. GOGO.
      "_____

      "Accepted Oct. 7, 1913.
          "Toledo ~~Computing~~ Scale Co.
"_____J. E. GOGO_____
"By _____ Notice to Agent: Print customer's
                   name plainly on this line.

"City, Stanwood.     County, Mecosta.     State, Mich.
                              "Date, 10, 4, 1913
                                    "10065

"For value received, I—we—promise to pay to the order of Toledo ~~Computing~~ Scale Company, Toledo, Ohio, one hundred ____ dollars ($100.00). Payable monthly from date at ____ Send check direct ____ Bank, as follows:

| Coll'n Due No. Date | Date Pd. | Amount. | Coll'n Due Date | Date Pd. | Amount |
|---|---|---|---|---|---|
| 12-1-13 | 1st month | 10.00 | 7th month | | 10.00 |
| | 2nd month | 10.00 | 8th month | | 10.00 |
| | 3rd month | 10.00 | 9th month | | 10.00 |
| | 4th month | 10.00 | 10th month | | 10.00 |
| | 5th month | 10.00 | | | |
| | 6th month | 10.00 | | | |

"It is agreed that default in payment of any of the above installments shall at the option of the holder hereof render the unpaid balance of this note immediately due and payable.

"Name, J. E. Gogo,
      "Stanwood, Mich.     Street, Ave.     J. E. GOGO.
                         "This space for customer's signature.
      "To Agents: Print name of customer plainly in this space."

It is the defendant's claim that the instrument

signed by him was subsequently altered by some person crossing off the word "Computing," and thus changing the name of the payee, and also by adding a place of payment by adding the words "Send check direct," and also by separating the lower part, which is designated in the record as "Plaintiff's Exhibit 1," from the upper part of said contract, which is designated as "Plaintiff's Exhibit 2."

The defendant filed a plea of general issue, and also filed an affidavit denying the signing and execution of the note. A verdict was had for the defendant in the justice's court, and upon appeal to the circuit court, at the close of the plaintiff's proofs, counsel for defendant moved for a directed verdict because the instrument on which plaintiff sought to recover was not a promissory note, but merely a conditional contract of sale, and because the instrument had been altered in two respects:

*First*, the so-called note was drawn to the Toledo Computing Scale Company, and the word "Computing" was scratched out, hence changing the name of the payee.

*Second*, the so-called note was severed from the remainder of the contract.

This motion was at that time denied, but at the close of the defendant's proofs, the motion being renewed, the trial court directed a verdict in favor of the defendant.

Various questions as to the admissibility of evidence under the pleadings are raised by counsel for appellant in their brief, but, in view of the conclusion we have arrived at—that the court properly directed a verdict for the defendant—it will be unnecessary for us to consider the other questions.

It is undisputed that at the time that Exhibits 1 and 2 were signed by the defendant they were attached together, and in reality were one instrument. The

material question therefore is whether or not the separation of Exhibit 1 from Exhibit 2, which made it on its face a negotiable promissory note, was a material alteration of the instrument.

We are of the opinion that the entire contract which is made up of these two exhibits must be said to have been a conditional contract of sale. An examination of Exhibit 2 shows that it contains an order for the goods in question, giving shipping directions and providing for the terms of payment—partly in cash and partly by turning over an old set of scales. It further provides that the title to the scales shall remain in the vendor until the purchase price or the judgment is paid in full; and, should there be any failure to pay drafts or other demands for cash payment, the full purchase price shall at once become due and payable. It also provides that, in the event of a refusal to accept such scales when tendered, the full purchase price, less any previous payments, shall at once become due and payable as liquidated damages. And it further states that the signing and delivering of the installment note (Exhibit 1) shall not be deemed nor considered payment; and, further, that if the scales should get out of order within two years, the plaintiff will repair the same, and specifically states:

"This contract covers all agreements between the parties."

We do not think that it can be said that it comes within that class of cases in which it is held that such a transaction is a promissory note, reserving title by way of security only, and it is not ruled by the case of *Choate* v. *Stevens*, 116 Mich. 28 (74 N. W. 289, 43 L. R. A. 277). It rather comes within the ruling of this court in *Worden Grocer Co.* v. *Blanding,* 161 Mich. 254 (126 N. W. 212, 20 Am. & Eng. Ann. Cas. 1332). See, also, 4 Am. & Eng. Enc. Law (2d Ed.),

p. 127; 3 Ruling Case Law, under title "Bills and Notes," p. 918.

We are also clearly of the opinion that by detaching Exhibit 1 from Exhibit 2, and thus creating a negotiable promissory note, which, when it was still attached, was a part of a conditional contract of sale, must be said to have been a material alteration of the instrument and to result in avoiding the instrument. The rule applicable is stated by Mr. Chief Justice CAMPBELL in the case of *Wait* v. *Pomeroy*, 20 Mich. 425 (4 Am. Rep. 395). See page 427 of 20 Mich., where he said:

"If it formed a part of the original contract, it was a material alteration to detach the memorandum, and leave the note as if it had been absolute. And it is a principle well settled that such an alteration avoids the entire obligation."

In the case of *First National Bank* v. *Carter*, 138 Mich. 421 (101 N. W. 585), an instrument was signed by the school officers which in form was a promissory note, and had attached to it a memorandum stating that the matter might be left to a vote of the district at the annual meeting, which memorandum was detached before the order was transferred. Mr. Chief Justice MOORE, in writing the opinion for this court, held that this was a material alteration which avoided the instrument, and the rule announced in *Wait* v. *Pomeroy*, *supra*, was cited and approved.

The rule is thus stated in 2 Cyc. p. 177:

"As a general rule, the effect of any alleged change in an instrument depends, first, upon the character of the change; that is, whether it is material or immaterial. Any change in an instrument which causes it to speak a different language in legal effect from that which it originally spoke—which changes the legal identity or character of the instrument, either in its terms or the relation of the parties to it—is a material change or technical alteration, and such a

change will invalidate the instrument against all parties not consenting to the change."

So, in the instant case, the two exhibits together constitute a conditional order of sale, and the separation made Exhibit 1 a negotiable promissory note, and thus changed the legal identity and character of the instrument which was executed by the parties at the time that the contract was entered into.

Judgment is affirmed.

BROOKE, C. J., and MCALVAY, STONE, OSTRANDER, BIRD, MOORE, and STEERE, JJ., concurred.