LOVELAND v. BUMP.

1. APPEAL AND ERROR—REVIEW—PRESUMPTIONS.
   Where no bill of exceptions was settled, it will be presumed, upon appeal, that the testimony supported the findings of fact made by the trial judge.

2. PRINCIPAL AND AGENT—KNOWLEDGE OF AGENT.
   The knowledge of the agent is the knowledge of the principal.

3. SAME.
   The rule that knowledge of the agent is knowledge of the principal is applicable where a husband, as agent for his wife, makes a loan, and takes notes as collateral security therefor, the consideration for which is known and is illegal, for his principal, and latter subsequently claims to be a *bona fide* holder of such notes.

Error to Emmet; Shepherd, J. Submitted April 10, 1917. (Docket No. 115.) Decided December 27, 1917.

Assumpsit by Frances M. Loveland against Matie C. Bump and George W. McCabe, copartners as Bump & McCabe, on promissory notes. Judgment for defendants. Plaintiff brings error. Affirmed.

*Mesick & Miller,* for appellant.

*Halstead & Halstead,* for appellees.

FELLOWS, J. Theodore O. Loveland and J. L. Records are copartners located at Iowa City, Iowa, and do business under the name of Brenard Manufacturing Company. Plaintiff, Frances M. Loveland, is the wife of Theodore O. Defendants comprise the firm of Bump & McCabe, and are located at Petoskey, in this State, where they conduct a retail hardware store. September 16, 1914, defendants signed a contract or order of similar purport to the contracts found in the records of the cases of *Boston Piano & Music Co.* v. *Seckinger, ante,* 312 (164 N. W. 263), and *Harrison* v. *Grier, post,* 672 (165 N. W. 854), handed down herewith. With this contract were detachable notes, as in the *Grier Case.* September 18th, and before any goods or paraphernalia had been shipped, defendants countermanded the order by wire. Plaintiff claims to be a *bona fide* holder of the notes. The case was tried before the court without a jury. The trial court filed findings of facts and conclusions of law, holding the contract void, and the plaintiff not a good-faith holder of the notes. Plaintiff brings the case here.

An examination of the records in these three cases would lead to the conclusion that these gift enterprises involved in these cases have a common origin. All the companies are located at Iowa City, Iowa. There seem to be, to some extent, common ownership, and the schemes would appear to have been originated by one mind. They vary in minor details, but in their essential features they are the same. No bill of exceptions was settled, but the finding of facts of the circuit judge bring this case within the cases above cited. We must assume that the testimony supports the findings. It will not be necessary for us to further discuss the question fully considered in these

cases. What was there said must be considered controlling here.

Was the plaintiff a *bona fide* holder of these notes? The record discloses that it is her claim that these notes were part of the collateral security for a loan made by her to the Brenard Manufacturing Company, but it also shows, and her testimony establishes that her husband, who was the managing partner of the company, was her agent in making this loan and taking this collateral. She also says that the money loaned came from her husband, who, she presumes, earned it in the Brenard Manufacturing Company; that it had never been in her possession; that it was deposited in the bank by her husband, and drawn out by her husband as he saw fit, he having full authority to sign checks and loan the money. The rule is too well established to need citation of authority that knowledge of the agent is knowledge of the principal. Plaintiff's husband, her agent, was the active partner of the business, and knew the consideration for this note and the terms of this contract. Obviously plaintiff is not a *bona fide* holder.

The judgment is affirmed.

KUHN, C. J., and STONE, OSTRANDER, BIRD, MOORE, STEERE, and BROOKE, JJ., concurred.