HARRISON v. GRIER.

1. BILLS AND NOTES—ACTION—DEFENSES—BONA FIDES.
   Unless the subsequent purchaser of a note establishes that he is a *bona fide* holder thereof, the note is open to the defenses available as between the original parties.

2. SAME—EVIDENCE—QUESTION FOR JURY.
   Evidence *held*, to present a jury question as to whether plaintiff was a *bona fide* holder of the note sued on.

3. EVIDENCE—CREDIBILITY OF WITNESSES—QUESTION FOR JURY.
   The credibility of testimony and the force to be given to it are questions for the jury.

4. TRIAL—INSTRUCTIONS.
   In determining whether there is error in a court's charge, the charge must be considered as a whole.

5. APPEAL AND ERROR—QUESTIONS NOT RAISED ON TRIAL.
   The question of what law governs the contract involved may not be raised for the first time on appeal.

Error to Wayne; Murphy, J. Submitted October 4, 1917. (Docket No. 9.) Decided December 27, 1917.

Assumpsit in justice's court by Charles W. Harrison against John A. Grier on a promissory note. There was judgment for plaintiff, and defendant appealed to the circuit court. Judgment for defendant. Plaintiff brings error. Affirmed.

*James G. McHenry*, for appellant.

*Earl Lovejoy*, for appellee.

FELLOWS, J. The Lyon-Taylor Company was a copartnership located at Iowa City, Iowa. Its traveling salesman called on defendant, a druggist, and a contract or order was signed, similar in its essentials to

the contract involved in the case of *Boston Piano & Music Co.* v. *Seckinger, ante,* 312 (164 N. W. 263). Attached to the contract so that it could be detached was a note for the purchase price.

Charles W. Harrison, the plaintiff, claims to be an accountant. He lives at Iowa City, Iowa. He claims to have loaned to the Lyon-Taylor Company $1,000 upon a note not produced in evidence, and to have taken defendant's note as a part of the collateral security for this loan. He claims to be a holder in due course.

Defendant makes the same defense to the contract as was considered in the *Seckinger Case,* and insists that plaintiff is not a *bona fide* holder of the note. The trial court held that the contract was void and unenforceable between the original parties, and submitted to the jury the question of whether plaintiff was a *bona fide* holder of the note. There was verdict and judgment for defendant, and plaintiff brings the case here.

The court was correct in holding that the contract was unenforceable between the original parties. The question is ruled by the *Seckinger Case.* We there held a similar contract was void; that, while not a lottery, strictly speaking, it had all the vices, all the appeals to cupidity, all the seductiveness of a lottery, was contrary to public policy, and unenforceable between the original parties. Unless plaintiff established that he was a *bona fide* holder of the note, it was open to the defenses between the original parties. *John Schweyer & Co.* v. *Mellon,* 196 Mich. 590 (162 N. W. 1006).

Plaintiff insists that he has so conclusively established his *bona fides* as that the court should have taken this question from the jury and directed a verdict in his favor. We cannot agree with this conten-

tion. A reading of the 28 pages of plaintiff's cross-examination clearly demonstrates that there was ample testimony falling from his own lips to justify the jury in finding not only that he took this note in bad faith, but that his taking of this and other notes from the Lyon-Taylor Company was a part of the scheme of that company, and a method adopted by the company to enforce collection of notes given on these unenforceable contracts.

We do not pass on the credibility of this testimony or what force should be given it. These were questions for the jury. Nor can we, without being unnecessarily prolix, undertake to detail it. Suffice to say that, among other things, he admitted, on cross-examination, that for several years before he took this note he did the auditing work of the Lyon-Taylor Company and its allied companies, that for several years he had been taking customers' paper of that company, and that he had lawsuits, not infrequent, growing out of such paper in which defenses were made. We think it was for the jury to determine whether he did not learn what the business of the company was when he audited it, or become conversant with its *modus operandi* from the several lawsuits he had growing out of its customers' paper. When somewhat hard pressed, he admitted that the money loaned the company was not his money, but belonged to other parties, but declined to state who they were, and refused to produce the note given at the time of the claimed loan, claiming that it was privileged. It is not pointed out wherein the transaction partook of that sanctity which surrounds the confessional, or communications between physician and patient, or attorney and client, so as to be shielded by the cloak of privilege which encompasses them. Without going further into detail, let it be said that the court did not err in submitting this

question to the jury upon all the facts found in this record.

Error is assigned upon excerpts from the charge. Excerpts from a charge must be considered in connection with what precedes and what follows them. The charge must be taken as a whole. When so taken and so considered, we think the rights of the plaintiff were fully protected in the instant case. The jury was told that suspicion that something may be wrong was not sufficient to defeat recovery; that facts upon which knowledge or notice were claimed must be brought home to plaintiff; that defendant was entitled to a verdict if plaintiff was a holder in bad faith, and plaintiff was entitled to recover if a holder in good faith. These thoughts were elaborated upon in a charge which could not have left the jury in doubt as to the legal rights of the parties. Such requests as plaintiff was entitled to have given were either given as requested or covered by the general charge.

Plaintiff further claims that the contract is an Iowa contract, and must be governed by the laws of that State. We are unable to find that this question was raised in the court below, and therefore find it unnecessary to discuss it.

No error to the prejudice of the plaintiff appearing in this record, the judgment is affirmed.

KUHN, C. J., and STONE, OSTRANDER, BIRD, MOORE, STEERE, and BROOKE, JJ., concurred.