JOHN C. SWEET, Respondent, v. A. B. ANDERSON, Appellant.

(170 N. W. 869.)

**Negotiable instruments — promissory note — holder must in due time establish his good faith.**

1. A holder in due course of a promissory note must establish his good faith, as a matter of law, either by direct and uncontradicted testimony or by circumstances which show consistently the good faith of his purchase so that no fair-minded person can draw any other inference therefrom.

**Negotiable instruments — good faith — testimony — consideration of surrounding circumstances — when good faith is question for the jury.**

2. Where the plaintiff, claiming to be the bona fide holder of a promissory

NOTE.—For a comprehensive discussion of the question as to what circumstances are sufficient to put a purchaser of negotiable paper on inquiry, see notes in 29 L.R.A.(N.S.) 351; 44 L.R.A.(N.S.) 395; and L.R.A.1918F, 1148,—where it is held that under a statute providing that knowledge of facts sufficient to put a prudent man upon inquiry is sufficient to constitute notice to the purchaser, the question as to what was sufficient to place a prudent man upon inquiry was one of fact for the jury.

note in due course, does not testify that he purchased the same in good faith, and where the surrounding circumstances show that for several years prior thereto, he was the attorney for, and a stockholder in, the corporation named as payee in, and the indorser of, said note, and was possessed necessarily or impliedly of such knowledge as might lead fair-minded men to draw different inferences concerning his good faith, the question of the good faith of such holder is for the jury.

Opinion filed January 7, 1919.

Action on promissory note.

Appeal from judgment entered in the District Court, Sargent County, *F. P. Allen,* Judge.

Reversed and new trial ordered.

*O. M. Sem* and *Forbes & Lounsburg,* for appellant.

"If a note be not properly indorsed it is not transferred in good faith under the merchant." 4 Am. & Eng. Enc. Law, 311; 7 Cyc. 791 & 926; Comp. Laws 1913, § 6934; Massachusetts Loan & T. Co. v. Twitchell, 7 N. D. 440; Vickery v. Burton, 6 N. D. 245.

"A special indorsement specifies to whom or to whose order the instrument is to be payable; and the indorsement of such indorsee is necessary to the further negotiation of the instrument." American Nat. Bank v. Lundy, 21 N. D. 167; Farmers & M. St. Bank v. Shaffer, 154 N. W. 485.

"A breach of warranty is a good defense to a note given for the purchase price of the machinery warranted." 8 Cyc. 55; 4 Am. & Eng. Enc. Law, 154; Vickery v. Burton, 6 N. D. 245; National Bank of Commerce v. Feeney, 70 N. W. 874; Judd v. Dennison, 10 Wend. 512; Hays v. Kingston, 16 Atl. 745; Bank of Evansville v. Kurth, 166 N. W. 658.

"A note may be shown to have been conditionally delivered and a valid defense to it thus established." 8 Cyc. 55; 4 Am. & Eng. Enc. Law, 151; Selma Sav. Bank v. Hinkle, 166 N. W. 748; Porter v. Andrus, 10 N. D. 558; Citizens State Bank v. Garciau, 22 N. D. 576; First St. Bank v. Kelly, 30 N. D. 84; Stockton v. Turner, 30 N. D. 641; Quinn v. Bane, 164 N. W. 788; Merchants Exch. Bank v. Luckow, 35 N. W. 434; 4 Am. & Eng. Enc. Law, 321; Comp. Laws 1913, §§ 6934, 6943; Knowlton v. Schultz, 6 N. D. 417; Landouer v. Sioux

Falls Imp. Co. 72 N. W. 467; Keer v. Anderson, 16 N. D. 36; Citizens State Bank v. Garciau, 22 N. D. 576; Merchants Exch. Bank v. Luckow, 35 N. W. 434; Bank of Montreal v. Richter, 57 N. W. 61; Kirby v. Berguin, 90 N. W. 856.

The unauthorized delivery of the notes to the payee was in fraud of the rights of the defendant. Porter v. Andrus, 10 N. D. 558.

"Actual notice is not indispensable constructive notice arising from the relationship of the parties, or from the circumstances attending the transaction being sufficient." 7 Cyc. 940, 947, 957, and cases cited. Arnd v. Aylesworth, 123 N. W. 1000; Comp. Laws 1913, § 7286.

"Although good faith may be shown in some cases by inference from facts, failure to state that the purchase was in good faith is a strong circumstance to negative good faith." Landauer v. Sioux Falls Implement Co. 72 N. W. 467; Walters v. Rock, 18 N. D. 45; American Nat. Bank v. Lundy, 21 N. D. 167; McCarty v. Kroreta, 24 N. D. 395.

"The jury need not accept as true the undisputed testimony of a party to the action, but may weigh it as any other evidence." J. S. Brown & Bros. Mercantile Co. v. Sherod, 101 Pac. 481; Lewis v. Coupe, 85 N. E. 1053; Lautner v. Kann, 39 Atl. 55; Elwood v. Western U. Transp. Co. 45 N. Y. 549; Lavalleur v. Hahn, 149 N. W. 257; Greenwald v. Ford, 109 N. W. 516; McKnight v. Parsons, 113 N. W. 858; Arnd v. Aylesworth, 123 N. W. 1000; Merchants Nat. Bank v. Grigsby, 149 N. W. 626; Mercantile Guaranty Co. v. Hilton, 77 N. E. 312; 8 Cyc. 289, 290; German-American Nat. Bank v. Kelley, 166 N. W. 1053; Commercial Bank v. Paddick, 57 N. W. 687; Landouer v. Sioux Falls Imp. Co. 72 N. W. 467; Porter v. Andrus, 10 N. D. 558; Vosburgh v. Diffendorf, 23 N. E. 801.

"If the decision is to be reached by drawing inferences from other facts, ordinarily the jury alone can draw these inferences." Arnd v. Aylesworth, 123 N. W. 1000.

*C. G. Mead,* for respondent.

"Good faith does not require the purchaser of a note to make inquiry as to the purpose for which the note was given, or as to the existence of possible defenses, and mere knowledge or notice of suspicious circumstances will not defeat a recovery." American Nat. Bank v. Lundy,

21 N. D. 167, 129 N. W. 99.' Following First Nat. Bank v. Flath, 10 N. D. 281, 86 N. W. 867.

"An indorsement without recourse to the indorser does not impair the negotiable character of the instrument, and it may not be regarded as evidence of any infirmity in the instrument or defeat the title of the person negotiating the same." Leavitt v. Thurston, 38 Utah, 351; Page v. Ford, 65 Or. 450; Bank of Sampson v. Hatcher, 151 N. C. 359; 7 Cyc. 957; 8 C. J. 519; Moust v. Wells, 76 Minn. 438, 79 N. W. 499.

"Knowledge of the consideration of a bill or note is not notice of a subsequent failure of the consideration." 8 C. J. 510; American Nat. Bank v. Lundy, 21 N. D. 167.

"The fact that the plaintiff is a stockholder in the original payee company is not in itself an inference of bad faith." Iowa Nat. Bank v. Sherman & Bratager, 17 S. D. 396, 97 N. W. 12; American Nat. Bank v. Lundy, 21 N. D. 167; Coleman v. Valentine (S. D.) 164 N. W. 67; Stevens v. McLachlan (Mich.) 79 N. W. 627.

BRONSON, J. This is an action upon a promissory note; the defendant appeals from the judgment entered for $538.65 upon a verdict directed. In the month of September, 1913, the defendant gave this note for $350, maturing November 1, 1914, which was indorsed and sold to the plaintiff herein on October 31, 1913. At the close of the testimony the trial court granted a motion of the plaintiff to direct a verdict in his favor upon the ground that the undisputed evidence showed that the plaintiff was a holder in due course. The appellant herein challenges this ruling of the trial court particularly upon the grounds that the note was not properly indorsed, and that the question whether plaintiff was a purchaser bona fide was for the jury. The note involved was duly indorsed to the plaintiff by the payee by an indorsement which read, "Pay to John C. Sweet or order without recourse to us. Imperial Machinery Co. Alex Currie, Pres." The note in other respects is regular, and shows on its face a complete and regular negotiation. Comp. Laws 1913, § 6915.

The plaintiff, however, contends that this note was in fact transferred to the Imperial Machinery Company, Inc., which was a new company that arose out of the reorganization of the old company and.

which took over its assets, and that therefore the note was not properly indorsed to the plaintiff.

From the record we are satisfied that there is no merit in this contention, for the evidence sufficiently shows that the original Imperial Machinery Company was in existence at the time the note was negotiated to the plaintiff, and the record does not affirmatively show that such company ceased to be the owner and holder of said note at the time of its negotiation.

Our serious attention is engaged by the second contention of the appellant.

The evidence concerning this matter is substantially as follows: The Imperial Machinery Company, the payee in the note, was a corporation engaged in the manufacture and sale of Giant shock and hay loaders and gas tractors; the plaintiff, a lawyer, for several years was the attorney for such company, assisted in its organization, and received its stock in payment of his legal fees and expenses upon such organization. He was and still is a stockholder in the company. His relation as attorney did not cease until about sixty days prior to the purchase of the note in question. On July 9, 1913, the defendant gave an order on a printed blank for one of these loaders to an agent of the company named Dugan. The order contained a guaranty that such loader was of good material and would do good work, if properly handled. The price was stated to be $700 payable in cash upon delivery or by the execution of a note due not later than November 1, 1913, with the further added provision that if the loader saved enough in hired help it should be paid for in cash, and, if not, the defendant should have two falls in which to make payment. There was still a further provision added, to the effect that after three days' trial the use thereafter of the loader should constitute acceptance, and settlement should then be made therefor. The defendant did not settle after three days' trial; he received the loader about July 30, he pulled it out in the field for use about August 25th, it bothered and would not work. Dugan came up and saw it work, he advised defendant that, if it would not work, he would make it right, and if it did not work satisfactory it was not defendant's loader. That he kept on trying to use it because he was advised so to do. On September 11, 1913, he executed two notes for $350 each,—one the note in suit, and another, payable as to one half thereof, that fall, and the balance thereafter.

The defendant testifies that he gave these notes to the cashier of a bank in Delameter, with instruction to him to keep them until defendant advised him that he was perfectly satisfied with the loader.

The plaintiff testified that the company owed him for some stock, and that this stock and a check for $62 formed the consideration for this note and another note which he purchased at the same time; that he made inquiry as to the financial standing of the defendant; that he did not see the contract or make further inquiry about the defendant; that he assumed that the note was given for machinery of the company. He did not testify directly that he purchased the note in good faith.

From the record the burden is on the plaintiff to establish his good faith. Either he must establish this good faith by direct and uncontradicted testimony, or by circumstances which show unequivocally evidence of good faith, in order that the court as a matter of law may so direct; the testimony must not only be such as to show consistently the good faith of such purchase, but it must also be such that no fair-minded person can draw any other inference therefrom. Walters v. Rock, 18 N. D. 45, 115 N. W. 511; Arnd v. Aylesworth, 145 Iowa, 185, 29 L.R.A.(N.S.) 638, 123 N. W. 1000.

The plaintiff in his business connections as attorney and stockholder must have known of this order form and its guaranties. He must have known of its provisions for making settlement. With this knowledge and the further assumption that he made, that this was a note for machinery, he knew or could have known readily by simple reference to the order in question whether settlement on this note was made with or without trouble. Good faith as a matter of law cannot be established by inference; it must be established by direct testimony.

Accordingly, we are satisfied that the plaintiff has not established in this record his good faith, as a matter of law, in the purchase of this note, where he does not testify directly that he purchased the same in good faith, and where the surrounding circumstances do not establish unequivocally such good faith so that any fair-minded person can draw only such inference therefrom.

The judgment of the trial court is reversed and a new trial ordered.

ROBINSON, J. I concur. The facts show plaintiff was not a purchaser in good faith.