PRATT *v.* DUNCAN.

1. TRIAL—DIRECTED VERDICT—INSTRUCTIONS—BILLS AND NOTES—
   FRAUD—BONA FIDES—HOLDER IN DUE COURSE.
   Plaintiff, in an action on certain promissory notes, was
   not prejudiced by the court's submitting to the jury
   whether the contract was procured by fraud and if so
   whether plaintiff was a *bona fide* holder, where he should
   have instructed them that the contract was contrary to
   public policy and void as between the original parties
   and plaintiff must fail unless he established his *bona fides.*

2. APPEAL AND ERROR—DIRECTED VERDICT.
   The evidence, together with its legitimate inferences most
   favorable to the other party, must be accepted on a motion
   to direct a verdict.

3. BILLS AND NOTES—BONA FIDES—HOLDER IN DUE COURSE—QUES-
   TION FOR JURY.
   Evidence that plaintiff, a bank officer, received collateral
   for collection, and, when collected, credited the proceeds
   to an account called the "collateral account," and, if not
   collected, turned it over to an attorney employed by the
   original holder for collection, considered together with
   his knowledge of the contract to which the notes were
   originally attached and made a part, etc., presented a
   question for the jury as to whether plaintiff was a *bona
   fide* holder.

Error to Berrien; Bridgman, J. Submitted October
22, 1918. (Docket No. 100.) Decided April 3, 1919.

Assumpsit by W. I. Pratt against John F. Duncan
on certain promissory notes. Judgment for defendant.
Plaintiff brings error. Affirmed.

*Cady & Andrews,* for appellant.

*Stratton & Evans,* for appellee.

FELLOWS, J. Plaintiff claims to be the *bona fide*

See note in 31 L. R. A. (N. S.) 287.

holder of certain promissory notes executed by defendant. These notes were detachable and were detached from a contract for the putting on of a gift enterprise devised in Iowa City, Iowa, of similar purport to the ones before this court in *Boston Piano & Music Co.* v. *Seckinger*, 198 Mich. 312; *Harrison* v. *Grier*, 198 Mich. 672; *Boston Piano & Music Co.* v. *Clothing Co.*, 199 Mich. 141; and *Stevens* v. *Venema*, 202 Mich. 232, and with the same company involved in *Loveland* v. *Bump*, 198 Mich. 564. A reference to these cases will disclose the detail.

The instant case was tried before any of the above cited cases was decided. Defendant's notice under the plea of the general issue was broad enough to admit of the defense that the contract was against public policy, and the trial judge was inclined to dispose of the case on that ground, but was dissuaded and submitted to the jury the question of whether the contract was procured by fraud, and if so whether plaintiff was a *bona fide* holder of the note. The claimed fraudulent representations were of the same character as those involved in the *Clothing Company Case*, promissory in their nature, and under the holding in that case should not have been submitted to the jury. But under the authority of the cases above cited, the contract was contrary to public policy, and the court should have instructed the jury that it was void as between the original parties, and plaintiff must fail unless he established his *bona fides*. Such being the case, plaintiff was not prejudiced by the submission of a branch of the case to the jury which should have been disposed of adversely to him by a peremptory instruction.

The question of plaintiff's *bona fides* being involved, considerable latitude of cross-examination into the relations of the parties and their business transactions should be indulged. We are not persuaded that the

trial court permitted the cross-examination of plaintiff to extend too far.

The plaintiff asked for a directed verdict, which was refused. As we have already stated the only question involved was the *bona fides* of the plaintiff. We are not satisfied that such *bona fides* is established by the uncontradicted evidence in the case. We have frequently held that the evidence, together with its legitimate inferences most favorable to the other party, must be accepted on a motion to direct a verdict. The plaintiff claims to have taken these notes as collateral to a loan to the Brenard Manufacturing Company, which was a copartnership made up of Mr. Loveland and Mr. Records, who had formerly done business under the name of the Equitable Manufacturing Company. He knew the purport of these contracts, and had had at least one law suit growing out of one of them. He claims to have loaned the company considerable money. The manner of handling the money collected on the collateral is described by him substantially as follows: He was an officer of the Iowa City State Bank. The collateral was turned over to the bank for collection. When collected the proceeds were credited to an account called the "collateral account." If not collected the collateral was turned over to an attorney, employed by the Brenard Manufacturing Company, for collection. Checks were drawn by plaintiff on this "collateral account" in favor of the Brenard Manufacturing Company as the collateral was paid (in only one instance has he drawn a check in favor of himself), and he claims new collateral was put up. We cannot say as matter of law that this manner of handling the business is not open to the inference that plaintiff was used as a collection agency to collect these notes given to the Brenard Manufacturing Company in this void transaction. Ordinarily, a creditor who collects collateral deposited with him applies it

on the indebtedness instead of turning it over to his debtor. We do not hold as matter of law that plaintiff is not a *bona fide* holder of these notes. What we do say is that, considering the relation of the parties as disclosed by this record, plaintiff's knowledge of the contract to which these notes were originally attached and made a part, the litigation over the contract, the manner of doing the business, and all the circumstances disclosed by this record, that the question was one for the jury and not for the court.

We are not satisfied that there.was prejudicial error in the conduct of defendant's counsel, although some of it we do not commend.

Finding no reversible error on the record, the judgment is affirmed.

BIRD, C. J., and OSTRANDER, MOORE, STEERE, BROOKE, STONE, and KUHN, JJ., concurred.