JOHN R. McCOMB vs. C. R. BREWER LUMBER COMPANY.

Berkshire.    September 23, 1903. — October 21, 1903.

Present: KNOWLTON, C. J., MORTON, BARKER, HAMMOND, & LORING, JJ.

*Deceit.    Pleading, Civil.*

A count in tort, containing allegations of false and fraudulent representations as to other matters, alleged that the defendant, a corporation, represented to the plaintiff that if he would purchase certain shares of the defendant's stock for $9,000 that sum should be put into the defendant's treasury to be used for working capital, and that the plaintiff purchased the stock, but that the $9,000 was not put into the defendant's treasury and used as working capital, but was used for other purposes. *Held*, that no damages in deceit could be allowed upon these allegations, which merely set forth the defendant's failure to carry out its promise, without any averment that the defendant at the time the promise was made did not intend to carry it out. *Whether*, under any circumstances a false representation as to a present intention, if properly alleged and proved, would support an action of deceit, was not considered.

CONTRACT, with three counts as stated by the court.    Writ dated April 24, 1900.

In the Superior Court the case was tried before *Aiken*, J. The jury found for the plaintiff, in the sum of $137.65, assessing damages on the first count at $136.65, and on the third count at $1.    The plaintiff alleged exceptions.

The third count, which is the only one material to the exceptions, was as follows:

"And the plaintiff says that in June, 1899, the defendant by its agent came to the plaintiff and with intent to deceive and defraud the plaintiff, falsely and fraudulently represented to him that the defendant owned property of the value of seventy-five thousand dollars, free from incumbrance, and owed no debts except debts to the amount of about six hundred dollars and was carrying on at said Great Barrington a large, successful and profitable business; that the defendant was a corporation with a capital stock of seventy-five thousand dollars, a portion of which, to wit, forty thousand dollars, was preferred stock on which the defendant was earning and distributing to its stockholders dividends of not less than 6% per annum and that if the plaintiff would become a member of said corporation and purchase one

hundred shares of said preferred stock and one share of common stock and pay therefor the sum of nine thousand dollars, the plaintiff should be elected a director and treasurer of the defendant corporation forthwith and should receive a salary of fifteen hundred dollars per annum as such treasurer, and the nine thousand dollars paid by the plaintiff should be put in the treasury of said corporation to be used as a working capital.

" And the plaintiff says that relying upon said representations and believing them to be true he was induced to buy, and did buy, said shares and pay therefor nine thousand dollars; and the plaintiff says that said representations of the defendant were false and untrue, to the knowledge of the defendant, in this: The defendant did not then own property of the value of seventy-five thousand dollars and was not out of debt except debts to the amount of six hundred dollars, and was not doing a large, successful and profitable business, and was not earning 6% per annum dividends on its preferred stock, or any dividends, but on the contrary, its property was of little value and it owed debts to an amount greatly in excess of six hundred dollars, and its business was poor and run out and it could earn no dividends on its preferred stock, all of which the defendant then well knew, and the nine thousand dollars paid by the plaintiff to the defendant was not put in its treasury and used as working capital, but was, with the approval of the defendant, its directors and manager, used for other purposes than the business of the defendant."

*H. C. Joyner*, for the plaintiff.

*C. Giddings*, for the defendant.

HAMMOND, J.   The declaration contains three counts.   The first is contract to recover a month's salary as the defendant's treasurer; the second is contract for not complying with certain promises made in the sale of certain stock to the plaintiff by the defendant; and the third is tort for deceit in the same sale.   No question was raised as to the pleadings, whether for misjoinder of counts or otherwise, and the case went to trial upon the declaration as it stood.   At the close of the evidence the plaintiff waived the second count and the case went to the jury upon the first and third counts, upon each of which there was a verdict for the plaintiff, the damages on the first being the full amount claimed, and upon the third, $1.

The exceptions relate only to the third count, and since the verdict was for the plaintiff on this, they are material only so far as they respect the question of damages. The principal difference between the instructions given by the judge and those requested by the plaintiff is that the judge declined to permit the jury to consider the allegation with reference to the promised use of the $9,000 paid by the plaintiff for the stock. As to this it is contended by the plaintiff that at the time the defendant promised to use the money as working capital it did not intend to keep the promise, and that a representation of a present intention is a representation of an existing fact and therefore may be false and fraudulent. But, without implying that the plaintiff's contention would be true under any circumstances, the difficulty with his case is that the question is not raised upon the record. The ruling that the jury should not consider the allegation with reference to the promised use of the money appears to have been made with reference to the third count, and, as applied to that, it was correct. An examination of the count will show that it does not contain any allegation that at the time the defendant said that the money should be used for working capital it had not the intention to perform that promise. It first sets out the representations which induced the plaintiff to purchase the stock, then proceeds to state in what respects they were false and fraudulent and the defendant's knowledge of the falsity, and then follows the only allegation respecting the representation as to the promised use of the money : " And the nine thousand dollars paid by the plaintiff to the defendant was not put in its treasury and used as working capital, but was, with the approval of the defendant, its directors and manager, used for other purposes than the business of the defendant." This is an allegation that the defendant failed to carry out its promise, and falls far short of an allegation that the defendant at the time it was made did not intend to carry it out. There is no allegation whatever as to the intent of the defendant at the time the promise was made. Indeed it is difficult to read that count, either by itself or in connection with the other counts, without feeling that the pleader studiously avoided alleging anything as to that intent. While the evidence as to the promised use and the actual use of this money may have been admissible upon the second count, the object of which

was to recover damages for breach of the promise, it was not material upon the third count, even upon the question of damages, for the reasons above stated.

It is further contended by the plaintiff that the instructions given by the judge ignored the suppression by the defendant of the fact that a large portion of its capital stock had been used to secure the debt of the old corporation. The short answer to this is that this is not the fraud set out in the count, except so far as involved in the representations actually set out, and so far as involved with them the jury under the instructions were allowed to consider it. The result is that we see no error in the manner with which the court dealt with the requests, or in the instructions given.

As the question concerning the exclusion of the evidence of the amount for which the defendant's property was finally sold is not argued, we consider it waived.

*Exceptions overruled.*