BOSTON PIANO & MUSIC CO. *v.* PONTIAC CLOTHING CO.

1. APPEAL AND ERROR—SCOPE OF REVIEW—DEFENSES NOT RAISED ON TRIAL.

The fact that a contract involved in an action is invalid on one ground cannot affect the Supreme Court's decision on writ of error where such ground was in no way made a matter of defense in the trial court.

2. SAME—COURT RULES—PLEA OF GENERAL ISSUE—NOTICE.

Circuit Court Rule No. 23, §§ 2, 3, fixes the matters of affirmative defense which do not appear from the declaration, which are not available under a plea of the general issue, and which must be set up in the notice, in order to make them available as a defense upon the trial.

3. SAME—JURISDICTION—SCOPE OF REVIEW.

The Supreme Court, on writ of error, exercises appellate jurisdiction and must dispose of the case on the record as made.

4. CONTRACTS — PRINCIPAL AND AGENT — AUTHORITY OF AGENT — QUESTION FOR JURY.

Where a corporation was a family affair and the daughter of the president and general manager was employed by it

and did considerable of the office work, the question of her authority to sign the order or contract involved in the action was one for the jury.

5. FRAUD—LIABILITY OF PERSON CHARGED—RULE.

The rule that one charged with fraud cannot escape liability because the party with whom he is dealing has confidence in him, relies upon him, and by reason of such confidence is not more vigilant, applies where a contract is signed without reading it.

6. SAME.

One charged with fraud cannot escape liability because the party with whom he is dealing has confidence in him, relies upon him, and by reason of such confidence is not more vigilant.[1]

7. CONTRACTS—VARYING TERMS OF WRITTEN CONTRACT—EVIDENCE.

Negotiations preliminary to the execution of a written instrument may not be received to change or vary its terms.[2]

8. SAME.

Preliminary negotiations are merged in a written contract.

9. FRAUD—PROMISES—MISREPRESENTATION.

A promise of something to be done in the future is not a misrepresentation of an existing fact.

10. SAME.

Calling a promise a misrepresentation does not make it such.

11. CONTRACTS—EVIDENCE.

When parties put their contract in writing, the writing is the evidence of what such contract is.

12. FRAUD—CONTRACTS—PROMISES—BONA FIDES.

In an action on a contract, in which the defense of fraud is interposed, it will be error to admit defendant's evidence of promises made to induce the contract when there is no claim that such promises were made in bad faith, with no intent to perform them and as part of a scheme to defraud, and it appears that the contract was dis-

[1] Generally on the question of right to rely on representations made to effect contract as a basis of a charge of fraud, see note in 37 L. R. A. 593.

[2] On the general rule that parol evidence is not admissible to vary, add to, or alter a written instrument, see note in 17 L. R. A. 270.

affirmed before the time for the fulfillment of the promise arrived.

13. SAME—CONTRACTS — EVIDENCE— VARYING TERMS OF WRITTEN CONTRACT—MISREPRESENTATION.

Regardless of the rule that evidence of negotiations preliminary to the execution of a written contract may not be received to change or vary its terms, if misrepresentations of material facts are made to induce the contract, and do induce it, evidence of such misrepresentations may be given for the purpose of establishing fraud.

14. SAME—PROMISES—CONTRACTS.

Statements promissory in their character that one will do a particular thing in the future are not misrepresentations, but are contractual in their nature, and do not constitute fraud.

15. SAME—PLEADINGS—AMENDMENTS.

On writ of error by the plaintiff in an action on a contract, *held*, that the questions of fraud involved were not such as went only to formalities in pleading which might be saved in the Supreme Court by the statute of amendments, but that they went to the very heart of the case.

Error to Oakland; Smith, J. Submitted October 9, 1917. (Docket No. 63.) Decided December 27, 1917.

Assumpsit by the Boston Piano & Music Company against the Pontiac Clothing Company on a promissory note. Judgment for defendant. Plaintiff brings error. Reversed.

*Alfred Holzman* and *Peter B. Bromley,* for appellant.

*Andrew L. Moore,* for appellee.

FELLOWS, J. The contract sued upon in this case is like that in *Boston Piano & Music Co.* v. *Seckinger,* 198 Mich. 312 (164 N. W. 263), and similar to the ones in *Loveland* v. *Bump,* 198 Mich. 564 (165 N. W. 855), and *Harrison* v. *Grier,* 198 Mich. 672 (165 N. W. 854), handed down herewith. The defenses made in the

three cases referred to that the transaction was illegal, in contravention of public policy, and void were not made in this case. This defendant in the court below insisted in his defense that the contract was not executed by any one authorized to execute it, and that it was procured by fraud. After the case was submitted here we desired the views of counsel, and invited briefs on the question of whether it was within the province of this court to dispose of this case upon the questions deemed decisive in those cases; the questions not having been raised in this case in any way. Briefs on this question have been filed, and we have not only considered them carefully, but have again scanned the record with care to find any intimation in it that these questions were suggested to the trial court, or any requests that might be deemed to raise them. We find no intimation of such defenses, nor any discussion of them in the brief filed in this court; nor is there any claim made that the contract upon its face shows any invalidity. We are constrained to the view that we cannot *sua sponte* dispose of this case upon a question not in any way brought to the attention of the trial court, and not in any way made an issue there, without doing violence to the established rules of procedure. This we are not inclined to do. Counsel calls our attention to the original notice filed with defendant's plea, but this notice was stricken from the files, and properly so, as being too indefinite. Defendant was given leave to file an amended notice. This the defendant availed itself of, and elaborately set up the facts, which it insisted constituted the fraud, but gave no intimation that it would insist that the contract declared upon and a copy of which was attached to plaintiff's declaration was void or avoidable, or illegal as contrary to public policy.

Whatever may have been the former rule as to defenses which were available under the general issue,

the present court rules have fixed the matters of affirmative defense which do not appear from the declaration, which are not available under a plea of the general issue, and which must be set up in the notice, in order to make them available as a defense upon the trial. Circuit Court Rule No. 23, §§ 2 and 3. This court is exercising appellate jurisdiction, and must dispose of cases submitted to it upon the record as made.

The plaintiff attached to its declaration a copy of the contract. There was no denial of its execution under oath; but defendant was permitted, without objection on this ground, to give testimony tending to show that it was not signed by one authorized to execute it. It appears to have been signed by Frances Barnett, a daughter of Joseph Barnett, who was general manager and president of defendant company. The corporation was a family affair, and the daughter was an employee in the store, and did considerable of the office work. Without going into detail, we think there was sufficient in the case to make the question of her authority to sign the order, or contract, a question for the jury.

The other questions revolve around the question of fraud. The fraud is claimed to consist of: (*a*) Statements made by the agent of plaintiff pending the negotiations: (1) that there would be nothing to pay until the end of the year; (2) not then, unless defendant's business increased from 25 to 50 per cent.; (3) that plaintiff would conduct the advertising campaign through its representatives; (4) that there would be no notes or contracts to sign; (5) that plaintiff would send one or more men to assume the management of the campaign. (*b*) In representing to Miss Barnett that the paper she signed was not a contract, but was only a statement of her selection of the make of a piano.

199—Mich.—10.

Taking these defenses in their inverse order, it was the claim of defendant that Miss Barnett was induced to sign the contract on the representation of plaintiff's agent that it was only a paper showing the make of piano selected, and that she signed it in reliance upon such statement, without reading it. Such representation, if made, was a representation of a material fact, and, if the paper was signed in reliance thereon, amounted to fraud, and the fact that Miss Barnett could have informed herself of the contents of the paper by reading it is no defense. One charged with fraud cannot escape liability because the party with whom he is dealing has confidence in him, relies upon him, and by reason of such confidence is not more vigilant. *John Schweyer & Co.* v. *Mellon,* 196 Mich. 590 (162 N. W. 1006), and authorities there cited.

The rule is elementary that negotiations preliminary to the execution of a written instrument may not be received to change or vary its terms. Such negotiations are merged in the written contract. When parties put their engagements in writing, such writing is the evidence of what their engagements are. If misrepresentations of material facts are made to induce the contract, and do induce it, evidence of such misrepresentations may be given for the purpose of establishing fraud. But a promise of something to be done in the future is not a misrepresentation of an existing fact. Calling a promise a misrepresentation does not make it so. The so-called misrepresentations found under group (*a*) are promissory in their character, and are not statements of existing material facts, nor is there any claim in the pleadings that they were not made in good faith, or with no intention to carry them out, or a part of a fraudulent scheme, nor was the case submitted upon any such theory. When evidence was offered of them in the court below, it was objected that they tended to vary and change a written

instrument, and that they did not constitute fraud. This objection was overruled, the evidence was received and submitted to the jury as a basis of defense. In this there was error. As stated, there was no claim that these promises were made in bad faith, with no intent to perform them and as a part of a scheme to defraud so as to bring the case within *McDonald* v. *Smith,* 139 Mich. 211 (102 N. W. 668), and kindred cases. Here we have naked promises as a basis of fraud; not even unfulfilled promises, because defendant disaffirmed the contract before any campaign was started. Statements promissory in their character that one will do a particular thing in the future are not misrepresentations, but are contractual in their nature, and do not constitute fraud. *Hubbard* v. *Long,* 105 Mich. 442 (63 N. W. 644) ; *Macklem* v. *Fales,* 130 Mich. 66 (89 N. W. 581) ; *Long* v. *Woodman,* 58 Me. 49, 54; *Cunyus* v. *Guenther,* 96 Ala. 564 (11 South. 649) ; *Dawe* v. *Morris,* 149 Mass. 188 (21 N. E. 313, 4 L. R. A. 158, 14 Am. St. Rep. 404) ; *McComb* v. *Lumber Co.,* 184 Mass. 276 (68 N. E. 222) ; *State Bank of Iowa Falls* v. *Brown,* 142 Iowa, 190 (119 N. W. 81, 134 Am. St. Rep. 412, and note, 10 L. R. A. [N. S.] 640) ; *Birmingham Warehouse & Elevator Co.* v. *Elyton Land Co.,* 93 Ala. 549 (9 South. 235). 12 R. C. L. p. 254, lays down the rule in the following language:

"Since a fraud must relate to facts then existing or which have previously existed, the general rule is that fraud cannot be predicated upon statements promissory in their nature and relating to future actions, nor upon the mere failure to perform a promise, or an agreement to do something at a future time, or to make good subsequent conditions which have been assured. Nor, it is held, is such nonperformance alone even evidence of fraud. Reasons given for this rule are that a mere promise to perform an act in the future 'is not, in a legal sense, a representation, and a failure to perform it does not change its character. Moreover, a representation that something will be

done in the future, or a promise to do it, from its nature cannot be true or false at the time when it is made. The failure to make it good is merely a breach of contract, which must be enforced by an action on the contract, if at all."

The questions of fraud here involved are not such as go only to formalities in pleadings which might be saved in this court by the statute of amendments, these questions go to the very heart of the case.

For the errors pointed out, we are constrained to reverse the case. A new trial will be granted. Plaintiff will recover costs of this court.

KUHN, C. J., and STONE, OSTRANDER, BIRD, MOORE, STEERE, and BROOKE, JJ., concurred.