MEADE *v.* BROWN.

1. MISTAKE—MUTUAL MISTAKE—CONTRACTS—RESCISSION — REFOR-
   MATION OF INSTRUMENTS.
   A mistake, although not mutual, may, if clearly estab-
   lished, be ground for rescission, though not for reforma-
   tion, of the agreement.

2. SAME—SPECIFIC PERFORMANCE—LEASE—OPTION TO PURCHASE—
   PRESUMPTION—BURDEN OF PROOF.
   In a suit for the specific performance of an option to
   purchase contained in a lease of the premises given to
   plaintiff, where the defense is that such provision was
   inserted by mistake on the part of the scrivener, the
   burden of proof is on the defendants to overcome the pre-
   sumption that when they signed the writing they under-
   stood its contents.

3. SAME—EVIDENCE—SUFFICIENCY—BURDEN OF PROOF.
   Evidence on the part of defendants *held*, insufficient to
   meet the burden of proof.

4. WITNESSES—CREDIBILITY—CONTRADICTORY SWORN STATEMENTS TO
   BE CONSIDERED.
   Where defendant's sworn testimony as a witness was con-
   tradictory to his answer, verified by him under oath, the
   court cannot but give consideration to such contradictory
   statements made under oath when weighing his testimony.

5. DAMAGES—EXCESSIVE AWARD—MODIFICATION.
   Where the decree in favor of plaintiff erroneously per-
   mitted him to retain from the purchase price interest
   not yet due, the same will be modified and affirmed.

Appeal from Gogebic; Driscoll (George O.), J. Sub-
mitted April 27, 1922. (Docket No. 15.) Decided
June 5, 1922.

Bill by William G. Meade against Joseph R. Brown
and another for the specific performance of an optional

land contract.    From a decree for plaintiff, defend-
ants appeal.    Modified and affirmed.

*Herb. M. Norris,* for plaintiff.

*Solomon W. Patek* (*Allan R. Black,* of counsel), for
defendants.

SHARPE, J.    On August 17, 1912, the parties entered
into a written agreement by which defendants leased
to plaintiff certain premises in the city of Ironwood
used for a livery stable for a term of 10 years at an
agreed upon monthly rental.    Under its terms plain-
tiff had the option to extend the lease for an additional
10-year period.    This writing also contained the fol-
lowing language in a paragraph separate and distinct
from that which preceded or followed it:

"And it is further understood and agreed, that, in
consideration of the rental paid as herein specified, the
said parties of the first part shall and will sell unto the
said party of the second part the lands and premises
hereinbefore described upon the payment by said party
of the second part to the said parties of the first part
of the sum of five thousand dollars in addition to the
rentals due and accrued to the time of such sale, this
option of said party of the second part to purchase
said property shall extend during the term of this lease
or any extension thereof."

The plaintiff entered into possession and occupied
the premises, paying the rental as provided.    On
October 5, 1920, he notified defendants in writing of
his desire to exercise the option to purchase.    The
defendants refused to convey, and plaintiff here seeks
to compel specific performance.    From a decree in his
favor the defendants appeal.

The defense is based on the claim that at the time
the lease was prepared and executed there had been
no agreement between the parties giving plaintiff the
option to purchase; that this provision was inserted

without the knowledge of the defendants; that they did not read the lease nor was it read to them; that its insertion was due to a mistake on the part of the scrivener who drew the lease, and that it would be inequitable to enforce it.

The plaintiff, while residing in Ironwood, was in the employ of the Oliver Mining Company at Duluth, Minnesota. The deal for the lease and the purchase of the livery business was negotiated with defendant by Henry Meade, plaintiff's brother. After an agreement had been reached, the plaintiff and his brother and defendant Joseph R. Brown went to the office of James A. Sullivan on August 17th to have the writings prepared. Mr. Sullivan testified that they discussed the terms and conditions of the agreement as reached by them and he made notes thereof; that from these notes he prepared a bill of sale of the contents of the livery stable from defendant to plaintiff, two notes given by plaintiff to defendant as part consideration of such sale, and the lease in question. On August 19th, Brown called at Sullivan's office. The papers were ready for execution. Sullivan testified that the lease was drawn in accordance with the instructions he had received and evidenced the agreement of the parties as stated to him on the 17th; that he had typewritten it himself; that he handed the lease to Brown to read. Meade was not then present. Both defendants testified that they signed it without reading.

We have here a written contract, signed by both defendants in August, 1912. A duplicate has been in possession of the defendant Joseph R. Brown since that date. They now ask that a provision in it giving the plaintiff an option to purchase the property be not enforced for the reason that such provision was inserted by mistake on the part of Mr. Sullivan, who prepared it, and say that they did not know it was so

inserted until more than eight years later, when plaintiff sought to enforce it.

A mistake, although not mutual, may, if clearly established, be ground for rescission, though not for reformation, of the agreement. See *Baas* v. *Zinke, ante,* 552, and cases cited. That the agreement reached by the parties, and of which the contract is the written evidence, included the option on the part of the plaintiff to purchase is testified to by plaintiff and his brother Henry. Mr. Sullivan as a witness was asked:

"Was there anything put into that written lease except such things as were agreed upon in your office and written down by you?"

and answered, "No, sir." Frank Miley, a witness for plaintiff, testified that defendant Joseph R. Brown about the first of September, 1920, said to him:

"He said that the option wouldn't stand, for the simple reason that there wasn't any money paid down on the option."

A copy of the lease as executed was attached to the bill of complaint. In the joint and several answer of the defendants, verified by them under oath on the 25th day of January, 1921, they "deny that the same is a copy of the lease executed between the parties." When examined as a witness, the defendant Joseph R. Brown admitted that he read his copy of the lease containing the option agreement soon after October 5, 1920. The verification of pleadings is not an idle ceremony, and we cannot but give consideration to these contradictory statements made under oath when weighing the testimony of this defendant. The burden of proof is on defendants to overcome the presumption that when they signed the writing they understood its contents. This they have failed to meet.

On June 22, 1920, the defendants executed a mortgage on the premises in question to Andrew Olson and Frida Olson, of Hurley, Wisconsin, in the sum of $2,000, bearing interest at seven per cent. per annum and payable one year after date. Pending the hearing in the circuit court, the Olsons filed a petition for leave to intervene and an order was made permitting them to do so. It does not appear that an answer was filed by them, nor was either of them sworn as a witness. The decree was made before the mortgage became due. It permitted the plaintiff to retain from the purchase price the sum of $2,140, the amount of the principal and one year's interest on the mortgage, and to pay the same to the Olsons on receiving a discharge of the mortgage. The year's interest was not then due, and in this respect the decree was not justified.

The mortgage is now past due and a decree may be prepared and here signed, affirming that made in the court below, but providing for the payment by plaintiff to the Olsons of the amount now due on the mortgage. On the surrender of this mortgage and the note secured thereby to defendants and tender of the balance of the purchase price, with interest at five per cent. from October 5, 1920, the defendants shall execute a warranty deed to plaintiff. In default thereof, the decree may be recorded as evidence of such transfer. No costs of the appeal will be allowed.

FELLOWS, C. J., and WIEST, MCDONALD, BIRD, MOORE, and STEERE, JJ., concurred. CLARK, J., did not sit.