BECKER v. ILLINOIS LIFE INSURANCE CO.

1. FRAUD—REPRESENTATIONS ALTHOUGH PROMISSORY IN CHARACTER ARE FRAUDULENT WHERE PART OF A SCHEME TO DEFRAUD.
  Where the fraud is partly by false promises and partly by false representations of facts, representations, though promissory in character, which are made in bad faith and as part of a scheme to defraud are nevertheless fraudulent, and are to be distinguished from representations which are merely promises of something to be done in the future which do not constitute fraud.

On death of insured as interrupting period after which policy is incontestable, see L. R. A. 1918D, 1198.

2. INSURANCE—CHANGE OF BENEFICIARY—FRAUD.

The finding of the court below that a change in beneficiary was brought about by fraud, *held*, sustained by the record.

3. SAME—INCONTESTABLE CLAUSE.

Although insured died within two years of the issuance of a life-insurance policy containing a two-year incontestable clause, as required by Act No. 256, Pub. Acts 1917, the insurer could not deny liability thereunder on the ground of the fraud of insured in procuring it, where said claim was made for the first time more than two years after it was issued.

4. SAME—MODIFICATION OF JUDGMENT—EQUITY.

Where defendant insurer compromised a claim on a life-insurance policy wrongfully and paid the money to another, but, on appeal, it appears that plaintiff received the benefit of most of it, the judgment in her favor for the full amount of the policy is reduced by the amount already paid.

Appeal from Wayne; Hart (Burton L.), J., presiding. Submitted April 8, 1924. (Docket No. 2.) Decided June 2, 1924. Rehearing denied July 24, 1924.

Bill by Ida Becker against the Illinois Life Insurance Company and another to set aside a change in the beneficiary clause of a policy of insurance, and to enforce payment of the same. From a decree for plaintiff, defendant company appeals. Modified and affirmed.

*George A. Kelly,* for plaintiff.

*Douglas, Eaman, Barbour & Rogers, Henry W. Price,* and *Hugh T. Martin,* for appellant.

MCDONALD, J. The plaintiff began a suit at law on an insurance policy issued by defendant Illinois Life Insurance Company on the life of her husband. The case was transferred to the chancery side of the

court.    In her bill she alleges that the policy was issued August 28, 1919, and that she was named beneficiary; that afterwards, by fraud, willful misrepresentations and duress, Emma Becker, the stepmother of William Becker, induced him to change the beneficiary to her; that William Becker died May 27, 1920, while the policy was in full force and effect; that after furnishing proofs of death she discovered the change in beneficiaries and at once notified the defendant company that it had been obtained by fraud and undue influence, and that she was entitled to payment of the amount of the policy.    In the prayer for relief she asked to have the change of beneficiary declared null and void, and that the money be paid to her.    The answer of defendant, Emma Becker, admits the change in beneficiary, but denies that it was induced by fraud or duress.    The Illinois Life Insurance Company answered that there was no fraud in the change of the beneficiary, but that the policy was obtained by the fraud of William Becker, in that he knowingly made false statements of material facts in his application; and that after the discovery of these misstatements it settled and compromised the policy with Emma Becker by paying her $1,000.

On the hearing the circuit judge determined that the change in the beneficiary was brought about by the fraud of Emma Becker; that it was void; that the legal beneficiary was Ida Becker, the plaintiff; that the insured made no willful misstatements of material facts in his application; and that the full amount of the policy, $2,000, should be paid to Ida Becker. From the decree entered, the defendant Illinois Life Insurance Company has appealed.

The record presents the following questions:

1. Was the change in beneficiary obtained by fraud? The circuit judge filed an opinion as a basis for his decree in which he has pointed out facts and cir-

cumstances showing fraud on the part of Emma Becker in obtaining the change of beneficiary. Counsel for the defendant argue that he based his conclusions wholly on the testimony of Mr. Benjamin, and that at most the representations testified to by him were merely promises of something to be done in the future, which do not constitute fraud; citing *Boston Piano & Music Co.* v. *Pontiac Clothing Co.*, 199 Mich. 141; *Barker* v. *Finley*, 200 Mich. 166; *Kefuss* v. *Whitley*, 220 Mich. 67.

Mr. Benjamin testified to a conversation with Emma Becker as follows:

"In this conversation I asked Mrs. Becker how it came to be that William Becker, Jr., changed this policy to her, and she said, 'Well, I will tell you,' she says, 'I wanted to get William to come over to the house when he was sick, but I didn't want his wife and he wouldn't come without her, so they went over to her mother's place.' She says, 'I told William that his wife was not of age and she was about to become a mother, and that her parents, her father and mother, are money grabbing and penurious people, and that his wife was afraid of her people and that if she got this money that her people would take it away from her, and that the wife Ida and the child would never get any benefit of it; and I told Mr. Becker that he better transfer the insurance over to me and I would hold it for the wife and child and I would see that they would get it, and William thought that it was all right, and that was the reason why he transferred the insurance to me.'"

The court found that when Emma Becker told her stepson that if he would transfer the insurance to her she would hold it for his wife and child, that she did not intend to keep her promise, and that the statements made by her were a part of a scheme to get the insurance money for herself; that when the deceased made the change he did not understand that the policy was in effect without the payment of the note which

he had given for a part of the premium, and which Emma Becker said she would pay, and that he was influenced either by misstatements or concealment of the facts by Emma Becker, and those acting with her. The doctrine announced in the cases relied on by the defendant and cited above has no application to representations though promissory in character but which are made in bad faith and as a part of a scheme to defraud, or where the fraud is partly by false promises and partly by false representations of facts. In the instant case the finding of the court on the facts renders these cases inapplicable. From our examination of the testimony we think the trial court reached a correct conclusion in determining that the change in beneficiary was brought about by fraud. The evidence furnishes no other reasonable explanation for the change.

2. It is next contended by the defendant that it is not liable because the policy was obtained by material misrepresentations made by the insured in the application. Such a defense is not available to the defendant at this time. The policy contained the incontestable clause required by Act No. 256, Pub. Acts 1917 (Comp. Laws Supp. 1922, § 9100 [147]), viz., that it shall be incontestable after two years from its date, except for the nonpayment of premiums, etc. The policy bears date August 28, 1919. The insured died May 27, 1920. Suit was begun on the policy July 30, 1920. The defendant first gave notice that the policy was void on account of material misrepresentations in its amended plea filed on the 17th of November, 1921, more than two years after the policy was issued. It is not contended that the company denied liability on this account previous to that date. It is argued by the defendant that the incontestability clause has no application because the insured died within the two-year period; that the policy was therefore not in force for two years after its issuance; that the death of

the insured suspended it and fixed the rights of the parties.   As was said by the United States Supreme Court in *Mutual Life Ins. Co.* v. *Hurni Packing Co.* (U. S.), 44 Sup. Ct. 90:

"The argument is ingenious but fallacious, since it ignores the fundamental purpose of all simple life insurance, which is not to enrich the insured, but to secure the beneficiary, who has, therefore, a real, albeit sometimes only contingent, interest in the policy."

"The beneficiary has an interest in the contract, and as between the insurer and the beneficiary all the rights and obligations of the parties are not determined as of the date of the death of the insured. The incontestable clause in a policy of insurance inures to the benefit of the beneficiary after the death of the insured, as much as it inures to the benefit of the insured during his lifetime.   The rights of the parties under such an incontestable clause as the one contained in this contract do not become fixed at the date of the death of the insured.   In case of a breach of warranty the insurer must assert its claim within the two-year period, whether the insured survives that period or not, either by affirmative action or by defense to a suit brought on the policy by the beneficiary within the two years." *Monahan* v. *Insurance Co.*, 283 Ill. 136 (119 N. E. 68, L. R. A. 1918D, 1196).

In *Mutual Life Ins. Co.* v. *Hurni Packing Co., supra,* the court cites the principal cases involving this question, and distinguishes those which announce a doctrine contrary to that expressed in *Monahan* v. *Insurance Co., supra.*   In that very instructive opinion, Mr. Justice Sutherland, speaking for the court, says:

"The provision plainly is that the policy shall be incontestable upon the simple condition that two years shall have elapsed from its date of issue— not that it shall be incontestable after two years if the insured shall live, but incontestable without qualification and in any event;" citing *Monahan* v.

*Insurance Co., supra; Ramsey* v. *Insurance Co.,* 297 Ill. 592 (131 N. E. 108) ; *Ebner* v. *Insurance Co.,* 69 Ind. App. 32, 42-48 (121 N. E. 315) ; *Hardy* v. *Insurance Co.,* 180 N. C. 180 (104 S. E. 166).

In the instant case the defendant is barred by the incontestability clause of the policy from making the defense that it is void because of material misrepresentations in the application.

The defendant recognized Emma Becker as the legal beneficiary of the policy. After the beginning of this suit by Ida Becker, it paid Emma Becker $1,000 in settlement and received her release. The court found that the plaintiff was entitled to recover from the insurance company the full amount designated in the policy. It appears from the evidence that the plaintiff received the benefit of most of the $1,000 paid to Emma. In view of this fact we think that in fairness to all of the parties the amount which the plaintiff is entitled to recover should be reduced by $1,000.

With this modification the decree is affirmed. Neither party will have costs.

CLARK, C. J., and BIRD, SHARPE, MOORE, STEERE, FELLOWS, and WIEST, JJ., concurred.