DOBSON v. WHITKER

1. PARTNERSHIP — FRAUD—BREACH OF CONTRACT—EQUITY—JURISDICTION.

Where one of three partners agreed, as a consideration for a second partner selling his interest to the other two at a certain price, to incorporate the business and give the selling partner a certain amount of the stock, in addition to the cash consideration, which he was unable to do because the other partner refused to incorporate, said promise was made in good faith, was contractual in its nature, and, therefore, does not constitute fraud, so as to confer jurisdiction upon the court of equity.

2. SAME—ACCOUNTING.

An agreement between a retiring partner and one of the two remaining partners that the business would be incorporated and the retiring partner be given a certain amount of stock therein, in addition to the cash paid for his interest, was an agreement between the parties as individuals and not as partners, and, therefore, equity has no jurisdiction to enforce the contract by requiring an accounting of the partnership business.

¹Partnership, 30 Cyc. p. 382.

3. SAME—PARTNER MAY HAVE NO SECRET PARTNER.

A partner may have no secret partner whose interest could be enforced against the partnership property, since as copartner he has no separate interest in the property of a going partnership business.

4. ACTION—BREACH OF CONTRACT—DAMAGES—ADEQUATE REMEDY AT LAW—EQUITY—JURISDICTION.

Where a partner breached a contract with a retiring partner to incorporate the business and give to him a certain amount of the stock therein in addition to the cash paid him for his interest, and the only question involved is one of damages for the breach, the measure of which is the value of the stock if the corporation had been formed and the stock assigned, as agreed, an action at law provides an adequate remedy and the court of equity is without jurisdiction.

Appeal from Washtenaw; Sample (George W.), J. Submitted January 4, 1928; resubmitted March 27, 1928. (Docket No. 46.) Decided April 3, 1928.

Bill by Russell T. Dobson, Jr., against Henry A. Whitker for an accounting, a discovery, and an injunction. From a decree for plaintiff, defendant appeals. Reversed and remanded.

*Cavanaugh & Burke,* for plaintiff.

*Frank B. De Vine* and *Arthur Brown,* for defendant.

McDONALD, J. In 1922 a copartnership was formed between the plaintiff, the defendant, and one Charles F. Kyer, under the firm name of Kyer-Whitker-Dobson Company, to conduct a wholesale grocery business in the city of Ann Arbor, Michigan. Each of the partners owned an undivided one-third interest in the business. The business was a success, but apparently Mr. Dobson's connection with it was not agreeable to the other partners. Negotiations for the purchase of

---

[4] Equity, 21 C. J. § 35.

his interest were carried on for some time.    Finally it was proposed to pay him $38,000.    This amount he was unwilling to accept, but was induced to do so by the defendant Whitker, who made a side agreement with him in substance and effect that Kyer and Whitker would incorporate the business, and that he, Whitker, would assign and give to Dobson 400 shares of his stock at the par value of $10 each.    With this understanding, the plaintiff, Dobson, sold his interest to ·Kyer and Whitker and retired from the business. Kyer was not informed of this agreement and had no knowledge of it.    The $38,000 was paid to the plaintiff, but the business was not incorporated.    The plaintiff says that Whitker told him that he would not incorporate.    Whitker says that he is willing to incorporate but that Kyer refuses to do so.    Alleging fraud, the plaintiff filed this bill in which he asks for an accounting, a discovery, and an injunction restraining Whitker from selling or otherwise disposing of his interest in the business.    The defendant answered and filed a motion to dismiss on the ground that the plaintiff's remedy was in an action at law for damages, and that a court of equity had no jurisdiction to hear and to determine the matter in issue.

On the hearing, the court found that the plaintiff had been induced to dispose of his interest in the partnership business because of fraud on the part of the defendant; that the business was being carried on with considerable profit; that the plaintiff had a substantial interest therein and was entitled to an accounting.    To obtain such an accounting, the cause was referred to a circuit court commissioner with directions to report his findings to the court.    From the decree entered the defendant has appealed.

The principal question involved is, Has the plaintiff made a case for a court of equity?

In an opinion filed as a basis for his decree, the circuit judge said:

"There is ample testimony, in the opinion of the court, to justify the conclusion that the action of the defendant, Whitker, constituted a fraud on the rights of the plaintiff, and that an accounting should be had between the parties."

We are unable to agree with the conclusion of the trial court on the question of fraud. There was no representation of an existing fact. The only representations made by the defendant were that he would incorporate the business and give the plaintiff certain shares of his stock, and that Mr. Kyer would consent to the incorporation. The plaintiff testified:

"The substance of the conversation between myself and Mr. Whitker with relation to the purchase and sale of my interest in the business were, Mr. Whitker said, when it came down toward the end of the negotiations that he was perhaps better able to handle Mr. Kyer than anybody else; that he always had been able to. Charles was a little hot-headed and unreasonable at times but he thought he could handle him. * * * I knew it would be impossible for Mr. Whitker to ever incorporate that business down there, and include Mr. Kyer's interest without his consent. I naturally knew that, but Mr. Whitker said he would consent. I knew that was necessary for certainly you can't incorporate unless all the parties are willing."

The promise to incorporate and to secure the consent of Mr. Kyer is contractual in its nature and does not constitute fraud. *McDonald* v. *Smith,* 139 Mich. 211; *Boston Piano & Music Co.* v. *Pontiac Clothing Co.,* 199 Mich. 141; *Barker* v. *Finley,* 200 Mich. 166. The evidence is convincing that when the defendant promised to incorporate and to secure the consent of Mr. Kyer thereto, he acted in good faith. The promises were not made as a part of a scheme to defraud, and therefore they come within the rule announced in the cases above cited.

But the plaintiff contends that for other reasons a court of equity has jurisdiction in this case. It is

claimed that it has jurisdiction for the purpose of an accounting. The contract upon which the plaintiff's action is based was not made with the partnership. Mr. Kyer had nothing to do with it. It was made between the plaintiff and the defendant as individuals and not as partners. The partnership with the plaintiff had been dissolved. He was out and his interest could not be revived by any side agreement to which one of the partners was not a party. After the dissolution, the business was carried on by Mr. Kyer and Mr. Whitker. The business and accounts of the original partnership had been adjusted and settled. The plaintiff is not here asking to rescind that settlement. He is seeking to have the court decree to him an interest in Whitker's share of the partnership business owned and conducted by Kyer and Whitker and to secure an accounting to determine that interest. It is plain that the relation between the parties was not that of partners, and therefore if the plaintiff is entitled to an accounting it must rest on some other ground.

Counsel say that, after the plaintiff had withdrawn from the partnership and the business was being continued by Kyer and Whitker, in so far as Whitker was concerned, it was conducted on joint account with the plaintiff. This claim is apparently based upon a misconception of partnership relations and interests. Whitker could have no secret partner whose interest could be enforced against the partnership property of Kyer and Whitker. As copartner with Kyer, he had no separate interest in the property of the going partnership business.

"The assets are held in a sort of community; but the partners do not hold as common tenants or joint tenants. The property is distinctly separated from that belonging to the individual members and it constitutes an identical and entire interest." *Hubbardston Lumber Co.* v. *Covert*, 35 Mich. 254, 260.

By its terms the secret agreement gave the plaintiff no right to a joint interest with Whitker in the partnership business. It merely provided that certain shares of Whitker's stock in a corporation thereafter to be formed should be assigned to the plaintiff.

It is not necessary to discuss the other grounds which the plaintiff claims justify equitable cognizance of the matters involved in this controversy. We have considered them. They are wholly without merit.

While the plaintiff claims an interest in the defendant's share of the partnership business, it is plain that the only question involved is one of damages for breach of contract. The defendant breached his contract to form a corporation and to assign to the plaintiff a certain amount of his stock. The plaintiff has an action at law for damages, the measure of which is the value the stock would have had if the corporation had been formed and the stock had been assigned as agreed. If, in determining this value, it becomes necessary to examine the accounts of the partnership business of Kyer and Whitker, the plaintiff has the same right to do so in an action at law as he would have in a suit in equity. The accounts cannot be very complicated, and we see no good reason for resorting to a court of equity to determine the simple issue involved in this case. It is our judgment that the plaintiff has an adequate remedy at law and that therefore the court of equity is without jurisdiction.

The decree is reversed and the cause remanded that the plaintiff may have an opportunity to move its transfer to the law side of the court. The defendant will have costs.

FEAD, C. J., and NORTH, FELLOWS, WIEST, CLARK, POTTER, and SHARPE, JJ., concurred.