AMERICAN TRUST CO. *v.* CASSELMAN.

MORTGAGES—FORECLOSURE—RECEIVERS—RIGHT OF MORTGAGOR TO PROTECTION FROM DEFICIENCY DECREE—MOOT QUESTION.

Question of right of mortgagor, who has parted with his interest in mortgaged property, to have receiver appointed to protect him from liability under deficiency decree in foreclosure proceedings having become moot through sale of property for more than amount of mortgage, no decision thereon is rendered.

Appeal from Wayne; Moynihan (Joseph A.), J. Submitted April 2, 1929. (Docket No. 27, Calendar No. 33,877.) Decided October 7, 1929. Resubmitted April 8, 1930. Decided June 2, 1930.

Bill by American Trust Company against Jacob Casselman, Gertrude Casselman, Louis W. Funk, and others to foreclose a trust mortgage and appoint a receiver. Cross-bill by Jacob Casselman and another against plaintiff and other defendants for appointment of a receiver. From an order appointing a receiver, cross-defendants Funk and others appeal. Reversed on rehearing.

*Connolly & Henderson,* for cross-plaintiffs.

*Joslyn, Joslyn & Joslyn,* for cross-defendants.

NORTH, C. J. (*dissenting*). Jacob Casselman and John L. Fuller, defendants herein, owned certain apartment property in the city of Detroit. They gave a trust mortgage thereon for $100,000 to the

plaintiff herein, and also a second mortgage for $35,000 to the defendants Peckham. Thereafter for a valuable consideration Casselman deeded his interest in the property to Fuller. Later Fuller conveyed by warranty deed to the defendant Goldberg subject to the mortgage indebtedness. Through Goldberg title was conveyed to the defendants Funk, Weiss, and Gordon. These latter grantees, who paid a substantial consideration, took subject to the mortgages but did not assume or agree to pay either of them. There was default in payments due under the first mortgage. The plaintiff filed this bill for foreclosure, praying for the usual relief in such cases including a decree against the defendants Casselman and Fuller for any deficit resulting upon the sale of the premises.

The defendant Casselman and his wife answered and filed a cross-bill, wherein it is alleged:

"That the said Funk and Weiss (and Gordon) have taken possession of said premises and * * * are collecting the rentals therefrom; that they are paying neither the sums due upon the first mortgage conditioned to be paid thereon, nor the taxes or other expenses but are pocketing all the proceeds of the rents of said premises, and deliberately avoiding and evading payment of any obligations in connection therewith; * * * and there is grave danger that upon the foreclosure of said mortgages these defendants and cross-plaintiffs * * * will be subjected to a decree of deficiency."

The prayer of the cross-bill in part is:

"That an order be made * * * to show cause * * * why a receiver should not be appointed by this court to collect the rents and profits from said

premises during the pendency of this action and the period of redemption.''

An order to show cause was issued and a receiver *pendente lite* was appointed. The defendants Funk, Weiss, and Gordon have appealed from this order. One of the objections urged is:

"That said Jacob Casselman could not, in a court of equity, claim rents during the period of redemption from a foreclosure proceeding, after he had deliberately and knowingly sold, for a valuable consideration, the right to collect such rents, and that he, the said Jacob Casselman, by making said sale, absolutely lost any right which he might otherwise have had to ask for the appointment of a receiver in this proceeding."

There is testimony from which it appears that the net rentals were substantially $800 per month. With the exception of the appellants, all the parties to this suit consented to the appointment of the receiver. We are not here concerned with the question as to the right of the mortgagee to have a receiver appointed under the terms of this mortgage, which contains an acceleration clause and expressly provides that the trustee in case of default may take possession of the premises, collect the rents, make repairs, etc.; and apply the net income on the indebtedness. The issue presented may thus be stated: Has a mortgagor under such a mortgage as this, after he has conveyed for a valuable consideration all his interest in the mortgaged premises, the right, in case of foreclosure proceeding, to have a receiver appointed to collect the rents accruing during the pendency of the foreclosure suit, and to have the net rentals applied on the mortgage indebtedness for the purpose of saving such mortgagor from a pos-

sible or probable deficiency decree? The inevitable answer is framed by the mortgagor's (Casselman) own conduct. For value he conveyed all of his interest, right, and title in and to this property to Fuller, and he by *mesne* conveyances transferred the same to these appellants. Casselman testified:

"I understood when I sold the property to Fuller that I had no further right, title, or interest in it, and I had nothing to do with it thereafter. I understood that Fuller had a right to sell this property to any one."

When for value ($5,000) Casselman sold all his right, title, and interest in the mortgaged premises, he knew he was selling the right to collect the income until the expiration of the period of redemption in event of foreclosure unless the trustee named in the mortgage claimed the income under the terms of the mortgage. The trustee is not before the court asking for these rentals. But Casselman is here saying in effect:

"Notwithstanding I sold all my right to these rentals for $5,000, and notwithstanding these appellants have paid a large sum therefor, I am now asking the equity court to make a different contract for me. I want to keep the consideration which I received for these rentals and have the court through a receiver take away from these appellants the rentals which I sold, and thus save me from a possible deficiency decree in the pending mortgage foreclosure."

Casselman did not require his vendee to assume and agree to pay any portion of the mortgage debt when he sold the right to these rentals, but he now asks that the court make such a contract for him and enforce it through a receiver. This the court ought not to do because there is nothing in this

record which would justify a decree making these appellants liable for the payment of the mortgage note given by Casselman and Fuller or for any part thereof.

Further, the mortgage itself is a contract, and its terms cannot be altered by the courts. *Barnitz* v. *Beverly,* 163 U. S. 118 (16 Sup. Ct. 1042). This instrument contains no hint of a provision which gives to either of the mortgagors a right to have a receiver appointed to collect rentals under any circumstance. Such a provision was never contemplated by the parties to the instrument. The only provision is that the trustee who represents the bondholders under this mortgage may in the event of a default take possession of the rents and income. Mr. Casselman is not the trustee nor does he represent the bondholders. As to Casselman there is no provision in the mortgage for the appointment of a receiver.

It is not necessary to cite the unbroken line of Michigan decisions since the enactment of the statute (Act No. 62) in 1843 (3 Comp. Laws 1915, § 13221), in which decisions the right to oust the mortgagor or deprive him of the use and income of the mortgaged premises until the expiration of the redemption period, in the absence of a provision in the mortgage therefor, has always been denied. In *Michigan Trust Co.* v. *Lumber Co.,* 103 Mich. 392, Justice Montgomery, speaking for the court, said:

"It has never been the policy of our law to divest the mortgagor of possession until foreclosure and the expiration of the period of redemption."

The foregoing is quoted with approval in *Union Trust Co.* v. *Charlotte General Electric Co.,* 152 Mich. 568, and this court, speaking through Justice Moore, there said:

"The right to appoint a receiver depends upon whether a showing has been made. that there is danger of ultimate loss to the bondholders by permitting the property to remain in possession of its owners until the final decree and sale."

Casselman is not a bondholder. Without reservation, he sold all of his rights in this property for a valuable consideration. The appellants purchased the property subject only to the mortgage, in which Casselman has no right or interest whatever. If the appointment of the receiver is allowed to stand, the rents and profits of this property, which appellants purchased at an expenditure of several thousand dollars, will in effect be arbitrarily taken from them and through a receiver paid over to Casselman, who has already been paid in full for all his rights in this property. Such is not the law nor is there any equity in the claim thus urged by the appellees.

This loan was made to Fuller and Casselman. If by the loan they obtained more money than the property can now be sold for they are the ones who should be held for the deficiency, not their vendees, who have already paid the full price of the equity they purchased. If Casselman had sold this property free from incumbrances to the appellants, he would not have a vendor's lien on the rents and income, but only on the real estate.

"A receiver will not be appointed in a proceeding to enforce a vendor's implied lien. It is no part of the contract of sale, either express or implied, that the vendor shall appropriate anything but the land itself for the satisfaction of his purchase-money; and it is a part of the implied contract that the purchaser is entitled to the possession until the land is sold to enforce the lien. The vendor who conveys and puts his vendee in possession, reserving a lien for the purchase-money, reserves that lien upon the

land, and not upon the rents and profits. He vests the vendee with the legal title to the right, under the contract of sale, to use and occupy the property. He looks to the land and to his personal judgment against the vendee for the satisfaction of his claim. * * * The vendor occupies a no more favorable attitude, so far as concerns the property and property rights of the vendee, than any other creditor, except to the extent of his lien upon the land sold by him." Jones on Mortgages (8th Ed.), § 1931.

The order appealed from should be reversed and held for naught, with costs of this appeal to the appellants; and the case remanded to the circuit court for hearing or such other and further proceedings therein as may be found proper.

WIEST and POTTER, JJ., concurred with NORTH, C. J.

SHARPE, J. The bill for foreclosure prayed for a personal decree against the defendant Casselman for any deficiency which might arise upon the sale of the mortgaged premises. There cannot be any question but that he would be liable therefor. The mortgage, subject to which the appealing defendants purchased, provided that the mortgagor should deposit with the mortgagee $1,100 each month to pay the interest on the bonds as it fell due and certain taxes. By its terms the rents, issues, and profits of the business were mortgaged, and the mortgagee on default was authorized to have a receiver appointed to collect the same, "to which appointment the mortgagors irrevocably consent." The bill prayed for an order to show cause why a receiver should not be appointed. The defendant Funk, in answer thereto, filed an affidavit in which he averred that the property mortgaged was worth upwards of $160,000; that

he and the defendant Weiss had offered to pay all interest then due and would be able to meet the $1,100 payments required to be made by the terms of the mortgage. It does not appear that Casselman was represented at this hearing. On request therefor in his answer and cross-bill, a second order to show cause was granted. After a full hearing thereon, in which considerable testimony was taken, the order appealed from was duly made. The attorney for the trust company was there present, and stated as a witness:

"Mr. Casselman told me that he was advised to file the petition and we approved of the action, and still approve of it. I do not know that I discussed the filing of this petition with Mr. Casselman, but I discussed it with you and Judge Connolly, and we did encourage the filing of this petition for the same reason that we applied for it."

If Casselman was financially responsible it mattered little to the plaintiff, as mortgagee, whether its petition was granted or denied. But in insisting that a receiver should be appointed, as provided for in the mortgage, Casselman was but seeking to protect himself from liability under a deficiency decree should the property sell for less than the amount found due. While he was paid in full for his interest in the property, and while there was no assumption of the mortgage debt by his vendees or the present owners, he had a right to rely upon the provisions in the mortgage as a security to him against his personal liability for any part of the mortgage debt. The petition of the mortgagee for the appointment of a receiver was denied on the showing made by defendant Funk. Casselman renewed it with the approval of the mortgagee, and in my opinion the

appeal from the order made should be dismissed, with costs to Casselman.

It appearing that the operation of the order appointing the receiver has been stayed by the filing of a bond by said appellants, conditioned on their performing and satisfying the decree or final order of this court on such appeal, the decree here entered should require said appellants to pay to the receiver such sums as it would have received under such order of appointment from the date thereof to the entry of the decree or order dismissing the appeal in this court. Should counsel be unable to agree on such amount, the cause will be remanded to the trial court to determine the same.

FEAD, CLARK, and McDONALD, JJ., concurred with SHARPE, J. The late Justice FELLOWS took no part in this decision.

## On Rehearing.

PER CURIAM. In appellants' brief on rehearing, this court is informed that sale of this property has been had, and for more than sufficient to satisfy the mortgage debt. No liability therefore has attached to Casselman for any deficiency. The question discussed and decided *ante,* 76, is, therefore, a moot one, and needs no further consideration at the hands of this court. The order appealed from is therefore reversed and set aside, without costs to either party. No precedent is therefore established.