## AMERICAN LIFE INSURANCE CO. *v.* BEE.

MORTGAGES—FORECLOSURE—RECEIVER TO PROTECT MORTGAGOR WHO HAS PARTED WITH HIS INTEREST.

In foreclosure of mortgage, appointment of receiver to protect mortgagor who has parted with his interest in mortgaged premises from liability for deficiency decree, *held*, without authority of law, on record.

Appeal from Wayne; Kilpatrick (Arthur W.), J. Submitted October 19, 1932. (Docket No. 147, Calendar No. 36,827.) Decided December 6, 1932.

Bill by American Life Insurance Company against William E. Bee and others to foreclose a mortgage. Cross-bill by defendant Bee against plaintiff and other defendants for appointment of receiver. From order appointing receiver, defendant Emma M. Cook appeals. Reversed.

*Harry H. Wachs,* for appellant.

*Clark, Klein, Ferris & Cook,* for appellee Bee.

SHARPE, J. In the bill of complaint filed herein to foreclose a real estate mortgage, it appears that the defendant Bee conveyed the premises to the defendant Beck, and Beck to the defendant Katz, and Katz to the defendant Taylor, and Taylor to the defendant Emma M. Kummer, now Emma M. Cook. These conveyances were all made subject to the mortgage which the grantees therein assumed and agreed to pay.

The defendant Bee in his answer and cross-bill alleged that by reason of the default of the other defendants "there is grave danger that upon the foreclosure of this mortgage" he "will be subjected to a decree of deficiency;" that he is entitled to have the rents and profits of the property "devoted to the payment and discharge of plaintiff's mortgage," and he prayed for the appointment of a receiver for that purpose. On petition therefor afterwards made, an order was entered appointing Theodore E. Flanigan as such receiver. A motion to set the same aside was later made and denied, from which Mrs. Cook has taken this appeal.

Counsel for the appellee rely on our decision in *American Trust Co.* v. *Casselman,* 248 Mich. 76, in support of the order made. In that case, the court

was divided, and it was said in the PER CURIAM opinion by which it was finally disposed of that "No precedent is therefore established." In the opinion in that case written by Chief Justice NORTH, a right of a mortgagor such as is here claimed was discussed at length and authority quoted from and cited in denial thereof. In the majority opinion the law as stated by him was not questioned, but, as it appeared that an application for a receiver had been made by the trust company and denied in the absence of the mortgagor and its renewal by him was "with the approval of the mortgagee," the order appointing the receiver was affirmed.

No such condition here exists, and on the record before us we must hold that the appointment of the receiver was without authority of law, and the order made is reversed and set aside, with costs to appellant.

CLARK, C. J., and McDONALD, POTTER, NORTH, FEAD, WIEST, and BUTZEL, JJ., concurred.