### DIRR v. ADLER.

FRAUD—FALSE PROMISES—FALSE REPRESENTATIONS—RESCISSION— ACCOUNTING.

> In suit for rescission of contract for sale of apartment house, where evidence shows that purchasers, partly by false promises and partly by false representations, deceived seller into believing that they were assuming mortgage indebtedness and relieving .her of liability thereon, but papers executed did not so provide, she was entitled to decree for rescission and for accounting for rents collected.

Appeal from Wayne; Simpson (John), J., presiding. Submitted January 11, 1933. (Docket No. 97, Calendar No. 36,928.) Decided April 4, 1933.

Bill by Caroline K. Dirr against Sanford Adler and others for rescission of contract for sale of an interest in land, on ground of fraud. Decree for plaintiff. Defendants appeal. Affirmed.

*David I. Hubar* (*Milton M. Maddin,* of counsel), for appellants.

FEAD, J. This is a suit for rescission. Plaintiff had decree. Plaintiff owned a 12-family apartment in Detroit, which she had purchased for $100,000 in 1919 and afterward mortgaged for $60,000, of which $54,500 remains unpaid. She paid the mortgage instalments until October, 1931, when she was able to pay only the interest. There was talk of foreclosure and plaintiff wanted to sell the property. She answered an advertisement of defendants, who were in the business of dealing in real estate, and, after some negotiations which she claims began with her offer to sell for $10,000 and defendants say commenced with $2,500, she agreed to sell for $1,000. She claims that an essential of the transaction was that defendants were to pay taxes and instalment due, put the mortgage in good standing, and assume its payment so she would be relieved of liability.

The parties met in the office of defendants' attorney to close the deal. Because of the decision in *American Trust Co.* v. *Casselman,* 248 Mich. 76 (which afterward was abrogated on rehearing), defendants' attorney had prepared and presented to plaintiff an agreement that in event of foreclosure she would not take action for appointment of a receiver. Plaintiff claims she did not understand the instrument, that the attorney said it was a mere formality, and so she signed it. He also prepared a quitclaim deed, which she executed. It did not contain an undertaking that defendants assumed and agreed to pay the mortgage.

Defendants took possession; plaintiff still occupying one of the apartments. Defendants had some negotiations for a second mortgage and also with the mortgagee regarding the delinquency, but nothing came of them. They did not pay the taxes or sums due on the mortgage. Upon plaintiff's inquiry

regarding the situation, they said they had assumed nothing and were under no obligations to pay taxes or mortgage. On February 16, 1932, plaintiff filed this bill for rescission.

The testimony was in direct conflict, and the chancellor had a distinct advantage in being able to view the witnesses, because their credibility is a controlling consideration. The testimony justifies the findings of the court, which we set up in part:

"In the opinion of the court, the entire transaction shows that the minds of these parties never really met when the quitclaim deed and exhibit one (agreement regarding receivership) were drawn, that Mrs. Dirr was expecting and anticipating that the defendants were going to assume the mortgage and pay up the past-due indebtedness, while the defendants, through their actions and manipulations, did not intend so to do at that time, but were merely getting her equity of redemption to get possession of the premises and never intended to assume the mortgage or pay up the past-due indebtedness, but were just getting the building to get what money they could out of the same.

"The defendants raise the question that there is no fraud in this transaction, and all that they promised to do were mere representations of future promises. The court does not so view the situation, but as stated in *Becker* v. *Illinois Life Ins. Co.*, 227 Mich. 388, at page 392, the first part thereof, this case at hand is applicable to the wording as follows: 'Representations though promissory in character but which are made in bad faith and as a part of a scheme to defraud, or where the fraud is partly by false promises and partly by false representations of facts,' a rescission of a contract may be had.

"Also *Schupp* v. *Davey Tree Expert Co.*, 235 Mich. 268; *Baas* v. *Zinke*, 218 Mich. 552; *Meade* v. *Brown*, 218 Mich. 556.

"I think this case falls within the line of cases set out in the *Meade* v. *Brown Case*.

"It is further objected that any prior promises were merged into the written agreement, but I think the plaintiff in this case had a right to go into the entire transaction and show that the minds of the parties never met and that she has been tricked out of her property."

The combination of fraud and mistake so found warrants rescission under the authorities cited.

Decree affirmed, and cause remanded for accounting of rents provided therein. As plaintiff filed no brief, she will not have costs in this court.

McDonald, C. J., and Clark, Potter, Sharpe, North, Wiest, and Butzel, JJ., concurred.