## LEWIS *v.* GLEN EDEN DEVELOPMENT CO.

FRAUD—CEMETERIES—RESCISSION—PROMISES.

> Purchaser of burial rights in a memorial park under instalment contract *held,* not entitled to rescission for fraud because of salesman's representations that block in which she purchased rights would be immediately developed and completed before any other part and that park would always remain nonsectarian where there is no evidence that such promises, which were not incorporated in the contract, were made dishonestly, with a fraudulent purpose or with present intention not to fulfill them.

Appeal from Wayne; Lamb (Fred S.), J., presiding. Submitted June 11, 1936. (Docket No. 48, Calendar No. 38,967.) Decided September 2, 1936.

Bill by Helen D. Lewis against Glen Eden Development Company, a Michigan corporation, and others for recission of a contract to purchase burial

rights in a memorial park. Decree for plaintiff. Defendant Glen Eden Development Company appeals. Reversed and bill dismissed.

*John G. Cross,* for plaintiff.

*Schmalzriedt, Frye, Granse & Frye,* for defendants.

Fead, J. Plaintiff had decree on bill for rescission of a contract.

March 30, 1929, plaintiff purchased on contract from Glen Eden Development Company certain burial rights in block 1 of Glen Eden Memorial Park. She bought some of the sections for use and some as an investment. She paid $375 down and contracted to pay the balance at $36.46 per month. After a few months she became in default and, by supplemental written agreements, the payments were reduced to $20 per month on February 10, 1931, and to $10 per month on March 31, 1932. She made no payments after June 2, 1932.

July 27, 1933, defendant notified plaintiff that negotiations were being completed whereby the Lutheran churches would take over the park for their exclusive control and management and asked adjustment of the contract. Under contract of August 3d. the park project was sold to the Lutheran Cemetery Association. August 14th, plaintiff decided to rescind, tendered reconveyance, and demanded return of money she had paid on the contract, which was refused.

September 19, 1933, defendant gave plaintiff notice of forfeiture of the contract. This bill was filed October 17, 1933.

Plaintiff claims the contract was induced by fraud in that the salesman represented that block 1 would

be immediately developed and completed before any other part of the park and that the money paid in by the purchasers of sections in it would be used to develop it and that the park was and would always be nonsectarian.

Development of blocks 1 and 2 and others was begun but, on account of expense, block 1 has not been fully developed, although some others have been. The sale to the Lutheran Cemetery Association was made because the project was not successful in the hands of defendant. It is claimed the park is not exclusively Lutheran but remains, at least partially, nonsectarian.

The difficulty with plaintiff's case is that the representations she relies upon as fraudulent were not statements of existing facts but were promises of future conduct and condition and there was no evidence that they were made dishonestly, with a fraudulent purpose or with a present intention not to fulfil them. Such promises should have been included in the contract. The testimony does not justify rescission. *Boston Piano & Music Co.* v. *Pontiac Clothing Co.,* 199 Mich. 141; *Burlingame* v. *B. E. Taylor Realty Co.,* 247 Mich. 109; *Taylor* v. *Ward,* 264 Mich. 118.

Decree reversed and one will be entered dismissing the bill, with costs.

North, C. J., and Wiest, Butzel, Bushnell, Edward M. Sharpe, and Toy, JJ., concurred. Potter, J., did not sit.